## APPEAL OF WEST 28TH STREET CORPORATION.

Docket No. 6032.   Submitted January 21, 1926.   Decided June 21, 1926.

Upon the evidence, *held*, that the petitioner and Potterton Brothers, Inc., were affiliated.

*Charles E. Bieth*, *C. P. A.*, for the petitioner.
*M. N. Fisher*, *Esq.*, for the Commissioner.

Before GRAUPNER[1] and PHILLIPS.

This proceeding results from the determination of a deficiency in income tax for the calendar year 1921 in the amount of $1,185.17. The sole issue is whether the petitioner and Potterton Brothers, Inc., were affiliated for the year 1921.

### FINDINGS OF FACT.

The petitioner is a New York corporation with its principal offices in New York. This corporation and Potterton Brothers, Inc., were both organized in 1907.

Prior to 1907, John H. Potterton and George A. Potterton operated a construction business and owned real estate located on West 28th Street, and on advice of counsel they caused these corporations to be formed for the purpose of separating their real estate holdings from their construction business.

The original directors and incorporators of the West 28th Street Corporation, Charles Hoffman, Robert Christy, Jr., and George F. Drew, the nominees of the Potterton brothers, on March 2, 1907, entered into a contract with the Potterton brothers on behalf of the corporation, whereby 200 shares of the capital stock of the West 28th Street Corporation were issued as consideration for the acquisition of the real property located at 215, 220 and 224 West 28th Street. The two qualifying shares originally issued on March 1, 1907, to Charles W. Hoffman and George F. Drew were assigned by them in blank on March 2, 1907. One hundred and ninety-eight shares had been issued to Robert Christy, Jr., on March 1, 1907, and the certificate for these shares was assigned by him on March 2, 1907, to one J. A. Tasser, an employee of the Potterton brothers, and when he left their employ on April 2, 1910, the stock was assigned by him to John P. Annarella, another employee. These shares were later transferred to John H. Potterton, and still later, on April 29, 1915, by him to George A. Potterton. At all times the entire 200 shares were the actual property of the Potterton brothers

---

[1] This decision was prepared by Mr. Graupner during his term of office.

as individuals. After the death of John Potterton, on November 1, 1921, 95 shares, which was the number owned by him, were transferred to his estate by George A. Potterton.

The original incorporators and the directors of Potterton Brothers, Inc., were George A. Potterton, John H. Potterton, and M. E. Hearn. In accordance with a vote taken at a meeting on March 1, 1907, 100 shares of the capital stock of Potterton Brothers, Inc., were on that date issued in payment for the contracting business formerly conducted by the Potterton brothers individually. Upon instructions from the Potterton brothers the stock was issued as follows:

| | |
|---|---|
| George A. Potterton | 1 share |
| John H. Potterton | 1 share |
| M. E. Hearn | 1 share |
| Anna M. Potterton | 48 shares |
| Jane Potterton | 49 shares |

Miss M. E. Hearn was the bookkeeper for the Potterton brothers, Anna M. Potterton was the wife of John H. Potterton, and Jane Potterton was the wife of George A. Potterton. These three did not contribute any money to the corporation or pay anything to either John H. Potterton or George A. Potterton for the stock issued in their respective names, and they assigned their certificates in blank immediately upon issue, and without such certificates being detached from the books or delivered to them. After the death of John H. Potterton on November 1, 1921, the one share in his name, and the 48 shares in his wife's name, were transferred to his estate, the entire 49 shares having been owned by him. The other 51 shares were owned by George A. Potterton. Neither wife asserted any interest in the conduct of the business, attended meetings of the stockholders, voted the stock standing in her name, or signed proxies covering the same.

During 1921 the actual ownership of the shares in these two companies was at all times conceded by all parties above named to be as follows:

| | West 28th St. Corporation. | Potterton Bros., Inc. |
|---|---|---|
| George A. Potterton | 105 | 51 |
| John H. Potterton (after Nov. 1, 1921—his estate) | 95 | 49 |

The reason for forming the West 28th Street Corporation through nominees and for the stock of both corporations being issued as it was, was that at the time of the formation of the corporations and for some time thereafter suits for damages in a large total were pending against the Potterton brothers, and they believed that thereby their interests would be more readily protected in the event of recovery against them.

OPINION.

GRAUPNER: The proofs amply sustain the petitioner's contention that the corporations were affiliated during the year in question. The evidence clearly establishes the fact that the actual ownership of all stock in both corporations was in George A. Potterton and his brother, John H. Potterton, or his estate, and the relative proportion of their ownership was substantially the same in each company.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*